IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| W&T OFFSHORE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-2931 |
| | § | |
| APACHE CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**ORDER DENYING MOTION FOR NEW TRIAL AND GRANTING MOTION FOR ENTRY OF FINAL JUDGMENT**

The parties tried this contract dispute to a jury in December 2014. The jury answered "No" to the first question submitted, which asked: "Has W&T proved by a preponderance of the evidence that Apache failed to comply with the Production Handling Agreement by failing to properly allocate oil to W&T?" (Docket Entry No. 213). This finding that Apache Corporation did not breach the parties' contract made it unnecessary for the jury to answer any further questions.

W&T Offshore, Inc. has moved for a new trial, arguing that the evidence presented at trial confused the jury and that the jury's verdict was against the great weight of evidence. (Docket Entry No. 214). W&T Offshore does not assert any error in the court's instructions to the jury. Apache has opposed the motion for new trial and moved for entry of final judgment. (Docket Entry No. 217).

Rule 59 of the Federal Rules of Civil Procedure states that "[t]he court may, on motion, grant a new trial on all or some of the issues — and to any party — as follows: (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; . . ." FED. R. CIV. P. 59. "A new trial may be granted, for example, if the district court finds the verdict

is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Beckham v. La. Dock Co., L.L.C.*, 124 F. App'x 268, 270 (5th Cir. 2005) (citing *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612 (5th Cir. 1985)).

The record does not support granting a new trial on the basis of jury confusion. *See Allen v. Minnstar, Inc.*, 97 F.3d 1365, 1373 (10th Cir. 1996) (affirming the denial of a new trial motion because the movant did "not challenge[] any of the instructions given by the court to the jury" and "a verdict will not be upset on the basis of speculation about possible jury confusion" (quotation omitted)); *Adams v. John Hancock Mut. Life Ins. Co.*, 49 F.3d 728, at *1 n.1 (5th Cir. 1995) (per curiam) (affirming the denial of a new trial when the "jury's formal answers to special interrogatories [were] consistent" and there was "no relevant evidence of jury confusion which would necessitate a new trial"). Nor does the record support granting the motion based on the argument that the verdict was against the great weight of the evidence. Such a motion requires the movant to show that the verdict is against the great weight of the evidence, not merely against the preponderance of the evidence." *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 838-39 (5th Cir. 2004); *Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 881 (5th Cir. 2013) ("A trial court should not grant a new trial on evidentiary grounds unless the verdict is against the great weight of the evidence." (quotations omitted)). W&T Offshore has not made the necessary showings for the relief it seeks.

The motion for new trial is denied, and final judgment is entered by separate order.

SIGNED on February 20, 2015, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge