United States District Court
Southern District of Texas
**ENTERED**
October 28, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| W&T OFFSHORE, INC., | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-11-2931 |
| APACHE CORPORATION, | § § | |
| Defendant. | § § | |

## MEMORANDUM AND ORDER ON APACHE CORPORATION'S APPLICATION FOR COSTS

The parties tried this contract dispute to a jury in December 2014 after three years of litigation. The jury found that the plaintiff, W&T Offshore, Inc., failed to show that the defendant, Apache Corporation, had breached the parties' Production Handling Agreement. Apache filed a bill of costs seeking more than $650,000, including over $500,00 in fees for its expert witnesses to attend trial. (Docket Entry No. 222). W&T objected to four of the cost categories, asking the court to tax only $2,877.00 for Apache's expert witness costs. (Docket Entry No. 223). Apache argued in response that its deposition and court transcript costs and its reproduction costs are properly taxed. (Docket Entry No. 224). Apache did not respond to W&T's arguments challenging the expert costs.

Based on the application, objections, and response; the record; and the applicable law, the court denies in part the costs applied for, including the expert costs over the mandatory $40.00 per day, and grants the remaining costs in part, awarding Apache a total of $160,130.37.

The reasons are explained below.

C:\Users\Lisa_Eddins\AppData\Local\Temp\notesE1EF34\11-2931.Apache costs.Oct.28.a04.wpd

1

I.  The Expert Witness Costs

Apache seeks over $500,000 in costs for its experts, none of whom were court appointed, to attend trial. Apache acknowledges that if federal law governs, it is limited to recovering $40.00 per day for each expert's attendance at trial, including travel days. 28 U.S.C. §§ 1821(b), 1920; Fed. R. Civ. P. 54(d)(1); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987). Apache argues that it may recover the costs for its expert witnesses to attend trial beyond the $40.00 per day limit because a Louisiana statute, LA R.S. 13:3666(A), applies to the issuen in this Outer Continental Shelf Lands Act ("OCSLA") action as surrogate federal law. Apache does not argue that state law governs the taxation of the other costs it seeks to recover as taxable costs.

Costs are generally considered procedural, not substantive. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 688-89 (5th Cir. 1991). The Fifth Circuit has held that the taxation of expert witness costs is procedural and that federal law applies unless there is an "express indication" by the state "legislature, or its courts, of [the state's] special interest in providing litigants with recovery of expert witness fees" in a certain type of case. *Id.* The Fifth Circuit has recognized that "special state constitutional interests operate in the realm of state condemnation proceedings," but has declined to expand the area of state-law application beyond eminent domain. *Id.* at 689.

Under *Cates*, federal law governs taxable costs for expert witnesses to attend trial unless the state legislature or courts have expressly indicated that the State has a special interest in awarding those costs in disputes of this nature. No Louisiana statute or case so indicates. The only statute Apache relies on is the general Louisiana statute on expert witness costs, LA Rev. Stat. 13:3666(A), which states that expert "[w]itnesses called to testify in court . . . shall receive additional

compensation." This does not give the "express indication" required to displace federal law on costs.

The fact that OCSLA provided the basis for federal-question removal does not change this outcome. OCLSA adopts state substantive—not procedural—law when there is a gap in federal law and only if the state law is not inconsistent with federal law. *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 486 (1981); *Union Tex. Petroleum Corp. v. PLT Eng'g Inc.*, 895 F.2d 1043, 1050 (5th Cir. 1990); *Dozier v. Rowan Drilling Co.*, 397 F. Supp. 2d 837, 854 (S.D. Tex. 2005). Taxing expert witness costs is procedural and that federal law applies even when Louisiana state law governs substantive issues. *See, e.g., Carter v. Gen. Motors Co.*, 983 F.2d 40, 43 (5th Cir. 1993) (federal law on taxing trial expert witness costs applied in diversity case because the Louisiana statute did not expressly indicate a special state interest in taxing the costs).

The federal law on taxing expert witness costs applies. Apache is limited to $40.00 per day for each expert's attendance at trial. W&T's objection on this basis is sustained, and Apache's cost application is denied to the extent it seeks to tax expert witness costs above this limit.

## II. Deposition and Transcript Costs

Apache seeks $44,175.53 in deposition costs, including the costs of transcripts and video recordings for 27 witnesses. Apache relies on 28 U.S.C. § 1920(2), which allows "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." Apache asserts that the depositions were "reasonably expected to be used for trial preparation, rather than merely discovery," (Docket Entry No. 224 at 2), making the transcript costs taxable. Apache deducted $135.38 for the video recording of one deposition taken in connection with spoliation issues that the parties expected would be resolved before trial. Apache argues, and the record shows, that the

remaining transcripts and video recordings were for depositions "necessarily obtained for use in the case," 28 U.S.C. § 1920(2). W&T's objection to these costs is overruled.

To the extent, however, that Apache seeks to recover half of the daily transcripts during the trial, W&T's objection is granted. Apache does not dispute that it agreed to divide the costs of these transcripts.

Apache is awarded $54,978.15 for deposition transcript and video recording costs, and one-half of the daily trial transcript costs ($44,175.53 less $135.38, plus $10,938.00).

### III. Printing and Copying Costs

Apache seeks $45,570.67 for outside document reproduction expenses and $10,188.30 for in-house document reproduction expenses. Apache submitted the supporting invoices and reduced the amounts for such nontaxable items as sales taxes and delivery fees.

W&T objects that Apache failed to show the necessity of the costs. Apache responds by pointing to the record support for the costs and the need for the copies in the litigation. The record and law support Apache's right to recover these expenses as taxable costs.

Under 1920(3) and (4), Apache may recover "fees and disbursements for printing" and "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Courts include electronic scanning and imaging and electronic document production costs. *See, e.g., Fast Memory Erase, LLC v. Spansion, Inc.*, No. 3-10-CV-0481-M-BD, 2010 WL 5093945, at *5 (N.D. Tex. Nov. 10, 2010) (awarding costs for creating TIFF/OCR images of documents). The record shows that Apache incurred these expenses in responding to document requests during discovery, to analyze W&T's document production, and in

trial preparation and presentation.

Apache is entitled to recover $45,570.67 for outside document reproduction expenses and $10,188.30 for in-house document reproduction expenses. W&T's objection is overruled.

## IV.   Conclusion

Apache's bill of costs is denied in part and granted in part. Apache is entitled to recover as taxable costs $350.00 in clerk fees; $2,527.00 for its experts to attend trial; $54,978.15 in deposition transcription, video recording, and trial transcript costs; $55,758.97 in printing and copying costs; and $46,516.25 in exemplification costs.

SIGNED on October 28, 2015, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge