United States District Court
Southern District of Texas
**ENTERED**
November 09, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| W&T OFFSHORE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-2931 |
| | § | |
| APACHE CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**ORDER SUPPLEMENTING AND CORRECTING THE MEMORANDUM AND ORDER ENTERED ON OCTOBER 28, 2015, ON APACHE CORPORATION'S APPLICATION FOR COSTS**

The parties tried this contract dispute to a jury in December 2014 after three years of litigation. The jury found that the plaintiff, W&T Offshore, Inc., failed to show that the defendant, Apache Corporation, had breached the parties' Production Handling Agreement. Apache filed a bill of costs seeking more than $650,000, including over $500,00 in fees for its expert witnesses to attend trial. (Docket Entry No. 222). W&T objected to four of the cost categories: the expert-witness costs, printing costs, deposition and court transcript costs, and demonstrative costs. (Docket Entry No. 223). On October 28, 2015, the court denied in part the costs applied for, including expert witness costs exceeding $40.00 per day, and granted the remainder, awarding Apache a total of $160,130.37. W&T moved to amend that Memorandum and Order under Rule 59(e) to correct two aspects of the cost award that were inconsistent with the court's rulings on the permissible amounts. W&T's motion to amend, (Docket Entry No. 252), is granted. This Order supplements and corrects the Memorandum and Order entered on October 28, 2015 on Apache's cost application.

Apache sought $55,113.53 in deposition and transcript costs under 28 U.S.C. § 1920(2). The court ruled that after taking a stipulated deduction, the transcripts and video recordings were for depositions "necessarily obtained for use in the case," 28 U.S.C. § 1920(2). The court also ruled that Apache could not recover $10,938.00 it sought for the daily trial transcripts because the parties had previously agreed to split that cost. The court nonetheless mistakenly included the $10,938.00 in the cost award. The award is reduced by that amount.

Apache also sought $46,516.25 in costs for demonstratives. To recover these costs, a party must obtain the court's pretrial approval for the demonstratives. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 335 (5th Cir. 1995); *Johns-Manville Corp. v. Cement Asbestos Prods. Co.*, 428 F.2d 1381, 1385 (5th Cir. 1970). Apache did not. These costs are denied.

Apache's bill of costs is denied in part and granted in part. Apache is entitled to recover as taxable costs $350.00 in clerk fees; $2,527.00 for its experts to attend trial; $44,040.15 in transcript and video recording costs; and $55,758.97 in printing and copying costs.

SIGNED on November 9, 2015, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge